UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-cr-13RLY-WGH |
| | ) | |
| THOMAS PERKINS, | ) | -01 |
| DAVID NEIGHBORS, | ) | -02 |
| a/k/a Vato, | ) | |
| KESHAUN HORNE, | ) | -03 |
| a/k/a Kam, | ) | |
| ANTONIO MILES, | ) | -04 |
| a/k/a Tonio, | ) | |
| LAFREDERICK TAYLOR, | ) | -05 |
| a/k/a Fred, | ) | |
| DERRICK STANFIELD | ) | -06 |
| a/k/a D, | ) | |
| KAMAL SIMS, | ) | -07 |
| a/k/a Mal, | ) | |
| JASON KIRK, | ) | -08 |
| TREVOR PERRY, | ) | -09 |
| DIMITRAI CABELL, | ) | -10 |
| a/k/a Metray | ) | |
| JASON HORNE, and | ) | -11 |
| MAURICE NICHOLSON, | ) | -12 |
| a/k/a Putsie, | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

## COUNT ONE

The Grand Jury charges that:

Beginning in or around April 9, 2007, the exact date being unknown to the Grand Jury, and continuing up to and including August 30, 2007, in the Southern District of Indiana, Evansville Division, and elsewhere, THOMAS PERKINS, DAVID NEIGHBORS, a/k/a Vato, KESHAUN HORNE, a/k/a Kam, ANTONIO MILES, a/k/a Tonio, LAFREDERICK TAYLOR,

a/k/a "Fred," DERRICK STANFIELD, a/k/a D, KAMAL SIMS, a/k/a Mal, JASON KIRK, TREVOR PERRY, DIMITRAI CABELL, a/k/a Metray, JASON HORNE, and MAURICE NICHOLSON, a/k/a Putsie, defendants herein, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine") and 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder cocaine"), Schedule II Narcotic Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1).

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

1. THOMAS PERKINS ("PERKINS"), a resident of Louisville, Kentucky, acquired powder cocaine and crack cocaine.

2. DAVID NEIGHBORS ("NEIGHBORS"), a resident of Evansville, Indiana, traveled from Evansville, Indiana to Louisville and obtained powder cocaine and crack cocaine from PERKINS. NEIGHBORS and other individuals transported the powder cocaine and crack cocaine from Louisville to the Evansville area for distribution.

3. KESHAUN HORNE, ANTONIO MILES ("MILES"), and LAFREDERICK TAYLOR ("TAYLOR") helped NEIGHBORS transport the powder cocaine and crack cocaine from Louisville to Evansville.

4. NEIGHBORS caused a portion of the powder cocaine to be converted into crack cocaine. DERRICK STANFIELD ("STANFIELD") and KAMAL SIMS ("SIMS") helped NEIGHBORS convert powder cocaine into crack cocaine.

5. NEIGHBORS distributed the powder cocaine and crack cocaine in the Evansville area. NEIGHBORS delivered the powder cocaine and crack cocaine to several individuals for redistribution. NEIGHBORS' cocaine distributors included TAYLOR, STANFIELD, SIMS, JASON KIRK ("KIRK"), TREVOR PERRY ("PERRY"), DIMITRAI CABELL ("CABELL"), JASON HORNE, and MAURICE NICHOLSON ("NICHOLSON").

6. Throughout the conspiracy, the defendants used telephones to facilitate the cocaine trafficking operation. The defendants spoke on telephones using code language to discuss their cocaine trafficking operation.

7. Throughout the conspiracy, several defendants possessed firearms. Firearms are a "tool of the trade" for a drug trafficker, as they are utilized to safeguard narcotics, safeguard United States currency, and ensure the physical security of the drug trafficker from rival drug traffickers.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, that is to possess with the intent to distribute and to distribute cocaine and cocaine base, the members of the conspiracy did commit, among others, the following overt acts:

1. On or about April 11, 2007, NEIGHBORS distributed approximately 55.1 grams of crack cocaine to an individual known to the Grand Jury ("Individual #1").

2. On or about May 15, 2007, CABELL distributed approximately 5.0 grams of crack cocaine to an individual known to the Grand Jury ("Individual #3).

3. On or about May 23, 2007, PERRY asked NEIGHBORS about the availability of crack cocaine. NEIGHBORS told PERRY that he had converted powder cocaine to crack cocaine and that the crack cocaine was high quality.

4. On or about June 6, 2007, NEIGHBORS distributed approximately 47.5 grams of crack cocaine to an individual known to the Grand Jury (hereinafter "Individual #2").

5. On or about June 9, 2007, PERKINS agreed to supply NEIGHBORS with eighteen ounces of crack cocaine. Following this conversation, NEIGHBORS and KESHAUN HORNE traveled to Louisville, Kentucky to obtain the crack cocaine from PERKINS.

6. On or about June 12, 2007, NEIGHBORS distributed approximately 27.0 grams of crack cocaine to Individual #2.

7. On or about June 19, 2007, NEIGHBORS distributed approximately 109.9 grams of crack cocaine to Individual #1.

8. On or about June 19, 2007, NICHOLSON possessed $2,705 in currency.

9. On or about June 24, 2007, STANFIELD provided NEIGHBORS with instructions about how to effectively convert powder cocaine into crack cocaine.

10. On or about June 26, 2007, NEIGHBORS directed KIRK to sell cocaine at a specific price. KIRK also advised NEIGHBORS that he would let MILES know the prices at which MILES should sell the cocaine.

11. On or about June 26, 2007, NEIGHBORS and MILES discussed the distribution of approximately eight ounces of cocaine.

12. On or about June 26, 2007, NEIGHBORS directed STANFIELD to obtain cocaine from MILES.

13. On or about June 26, 2007, NEIGHBORS agreed to instruct another person to deliver one-half ounce of cocaine to PERRY.

14. On or about July 5, 2007, NEIGHBORS directed SIMS to convert a quantity of powder cocaine into crack cocaine.

15. On or about July 5, 2007, NEIGHBORS agreed to front a quantity of cocaine to JASON HORNE.

16. On or about July 7, 2007, NEIGHBORS agreed to supply NICHOLSON with a quantity of cocaine.

17. On August 2, 2007, PERKINS agreed to supply NEIGHBORS with nine ounces of powder cocaine and thirteen and one-half ounces of crack cocaine. Later on August 2, 2007, NEIGHBORS and MILES traveled to Louisville to obtain the cocaine from PERKINS. NEIGHBORS obtained the cocaine from PERKINS and, together with MILES, drove back to the Evansville area with the cocaine. NEIGHBORS and MILES possessed approximately 256.5 grams of powder cocaine and 375.2 grams of crack cocaine.

18. On or about August 9, 2007, PERKINS agreed to supply NEIGHBORS with four and one-half ounces of crack cocaine and agreed to "front" NEIGHBORS an additional nine ounces of crack cocaine. On or about August 10, 2007, NEIGHBORS and TAYLOR traveled to Louisville to obtain the cocaine base from PERKINS.

19. On or about August 18, 2007, KIRK asked NEIGHBORS about the availability of cocaine, so that KIRK could deliver the cocaine to another individual.

20. On August 30, 2007, TAYLOR possessed a 9 millimeter Model C-9 Luger handgun.

21. On August 30, 2007, PERRY possessed a 12 gauge Remington 870 shotgun.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The Grand Jury further charges that:

On or about May 15, 2007, within the Southern District of Indiana, Evansville Division, DIMITRAI CABELL, defendant herein, did knowingly distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

The Grand Jury further charges that:

On or about June 6, 2007, within the Southern District of Indiana, Evansville Division, DAVID NEIGHBORS, defendant herein, did knowingly distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

The Grand Jury further charges that:

On or about June 12, 2007, within the Southern District of Indiana, Evansville Division, DAVID NEIGHBORS, defendant herein, did knowingly distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

The Grand Jury further charges that:

On or about August 2, 2007, within the Southern District of Indiana, Evansville Division, DAVID NEIGHBORS and ANTONIO MILES, defendants herein, did knowingly possess with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II Narcotic Controlled Substance, and a mixture or substance containing a detectable amount of cocaine hydrochloride ("powder cocaine"), a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

The Grand Jury further charges that:

On or about July 5, 2007, in the Southern District of Indiana, Evansville Division, JASON HORNE, defendant herein, did knowingly and intentionally use a communications facility to cause and facilitate the commission of a violation of the Controlled Substances Act; to-wit, JASON HORNE, after having sustained two prior convictions for drug offenses charged under Indiana law, used a cellular telephone to discuss his efforts to possess cocaine, in violation of Title 21, United States Code, Section 844(a).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT SEVEN

The Grand Jury further charges that:

On or about August 30, 2007, within the Southern District of Indiana, Evansville Division, LAFREDERICK TAYLOR, a/k/a Fred, defendant herein, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly

possess a firearm, which firearm had been shipped or transported in interstate commerce; to-wit, TAYLOR possessed a 9 millimeter Model C-9 Hi Point pistol, bearing serial number P108964 after sustaining a felony conviction in the Vanderburgh County (Indiana) Superior Court on or about May 3, 2006, for Possession of Marijuana, a Class D felony.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHT

The Grand Jury further charges that:

On or about August 30, 2007, within the Southern District of Indiana, Evansville Division, TREVOR PERRY, defendant herein, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, which firearm had been shipped or transported in interstate commerce; to-wit, PERRY possessed a 12 gauge Remington 870 shotgun, bearing serial number S623488V after sustaining the following felony convictions: (1) Dealing in Sawed-Off Shotguns, a Class D Felony, in Vanderburgh County (Indiana) on or about January 25, 1995; (2) Possession of Marijuana (Two Counts), Class D Felonies, in Vanderburgh County (Indiana) on or about March 3, 1999; and (3) Dealing Cocaine, a Class B Felony, in Vanderburgh County (Indiana) on or about September 23, 2002.

All in violation of Title 18, United States Code, Section 922(g)(1).

## SENTENCING ENHANCEMENTS

The grand jury further alleges that:

1. THOMAS PERKINS, the defendant herein, did commit the offense alleged in Count One of this Indictment after one prior conviction for a felony offense punishable under

state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit: On or about September 4, 1997, PERKINS was convicted in the Jefferson Circuit Court (Kentucky), of Possession of Cocaine. This offense constitutes a felony under Kentucky law.

2. DAVID NEIGHBORS, the defendant herein, did commit the offense alleged in Counts One, Three, Four, and Five of this Indictment after two or more prior convictions for felony offenses punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit:

    a. On or about March 9, 2000, NEIGHBORS was convicted in the Vanderburgh Circuit Court (Indiana), of Possession of Cocaine. This offense constitutes a Class D Felony under Indiana law.

    b. On or about December 5, 2000, NEIGHBORS was convicted in the Vanderburgh Circuit Court (Indiana), of Possession of Marijuana. This offense constitutes a Class D Felony under Indiana law.

    c. On or about January 4, 2006, NEIGHBORS was convicted in the Vanderburgh Circuit Court (Indiana), of Dealing in Marijuana. This offense constitutes a Class D Felony under Indiana law.

3. LAFREDERICK TAYLOR, the defendant herein, did commit the offense alleged in Count One of this Indictment after one prior conviction for a felony offense punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit: On or about May 3, 2006, TAYLOR was convicted in the Vanderburgh County (Indiana) Superior Court for Possession of Marijuana. This offense constitutes a Class D felony under Indiana law.

4. DERRICK STANFIELD, the defendant herein, did commit the offense alleged in Count One of this Indictment after one prior conviction for a felony offense punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit: On or about December 14, 1995, STANFIELD was convicted in the Vanderburgh County (Indiana) Superior Court for Possession of Cocaine. This offense constitutes a Class D felony under Indiana law.

5. KAMAL SIMS, the defendant herein, did commit the offense alleged in Count One of this Indictment after one prior conviction for a felony offense punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit: On or about December 21, 2005, SIMS was convicted in the Vanderburgh County (Indiana) Superior Court for Possession of Cocaine and Possession of Marijuana. The offense of Possession of Cocaine constitutes a Class C felony under Indiana law and the offense of Possession of Marijuana constitutes a Class D felony.

6. JASON KIRK, the defendant herein, did commit the offense alleged in Count One of this Indictment after one prior conviction for a felony offense punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit: On or about June 27, 2007, KIRK was convicted in the Vanderburgh County (Indiana) Superior Court for Dealing Marijuana and Possession of a Controlled Substance. Both offenses constitute Class D felonies under Indiana law.

7. TREVOR PERRY, the defendant herein, did commit the offense alleged in Count One of this Indictment after two or more prior convictions for felony offenses punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit:

a. On or about March 3, 1999, PERRY was convicted in the Vanderburgh Circuit Court (Indiana), of Possession of Marijuana (Two Counts). These offenses constitute Class D Felonies under Indiana law.

b. On or about September 23, 2002, PERRY was convicted in the Vanderburgh Circuit Court (Indiana), of Dealing Cocaine. This offense constitutes a Class B Felony under Indiana law.

8. DIMITRAI CABELL, the defendant herein, did commit the offense alleged in Counts One and Two of this Indictment after two or more prior convictions for felony offenses punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit: On or about March 8, 2001, CABELL was convicted in the Vanderburgh Circuit Court (Indiana), of Dealing in Cocaine (Two Counts). These offenses constitute a Class C Felony under Indiana law.

9. JASON HORNE, the defendant herein, did commit the offense alleged in Counts One and Six of this Indictment after one prior conviction for a felony offense punishable under state or federal law that prohibits or restricts conduct relating to controlled substances became final, to-wit: On or about March 19, 2002, HORNE was convicted in the Vanderburgh County (Indiana) Superior Court for Possession of a Cocaine. This offense constitutes a Class D felony under Indiana law.

## FORFEITURE

1. The allegations in Counts One through Five of this indictment are realleged as if fully set forth here, for the purpose of giving the defendants notice of the United States' intent to seek forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

2. If convicted of any of the offenses set forth in Counts One through Five, THOMAS PERKINS, DAVID NEIGHBORS, a/k/a "Vato," KESHAUN HORNE, a/k/a "Kam," ANTONIO MILES, a/k/a "Tonio," LAFREDERICK TAYLOR, a/k/a "Dookie," DERRICK STANFIELD, a/k/a "D," KAMAL SIMS, a/k/a "Mal," JASON KIRK, TREVOR PERRY, DIMITRAI CABELL, a/k/a "Metray," JASON HORNE, and MAURICE NICHOLSON, a/k/a Putsie, defendants herein, shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offenses of which he or she is convicted, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses of which he or she is convicted.

3. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraph 2, if, by any act or omission of the defendants, the property described in paragraph 2, or any portion thereof:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of all forfeitable property as described above in Paragraph 2.

4. If convicted of any of the offense set forth in this indictment, THOMAS PERKINS, DAVID NEIGHBORS, a/k/a "Vato," KESHAUN HORNE, a/k/a "Kam," ANTONIO

MILES, a/k/a "Tonio," LAFREDERICK TAYLOR, a/k/a "Dookie," DERRICK STANFIELD, a/k/a "D," KAMAL SIMS, a/k/a "Mal," JASON KIRK, TREVOR PERRY, DIMITRAI CABELL, a/k/a "Metray," JASON HORNE, and MAURICE NICHOLSON, a/k/a Putsie, defendants herein, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any of the offenses of which he or she is convicted.

A TRUE BILL:

_____
FOREPERSON

TIMOTHY M. MORRISON
United States Attorney

By: _____
Bradley A. Blackington
Assistant United States Attorney